1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DANIEL PFAU<br><br>                    Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC., and<br>DOES 1 to 50, Inc.<br><br>                    Defendants. | Case No: 8:20-cv-01275-JLS (ADSx)<br><br>[Orange County Superior Court Case No.:<br>30-2020-01131267-CU-PO-CJC]<br><br>**PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to<br>Magistrate Judge Autumn D. Spaeth] |

The Court having read the parties' Stipulated Protective Order in this matter, and good cause appearing, the Court hereby enters the following protective order:

   1.  A. <u>PURPOSES AND LIMITATIONS</u>

         Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth

- 1 -

1   in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

2   file confidential information under seal; Civil Local Rule 79-5 sets forth the

3   procedures that must be followed and the standards that will be applied when a party

4   seeks permission from the Court to file material under seal.

5       B. GOOD CAUSE STATEMENT

6       Federal Rules of Civil Procedure, Rule 26(c)(1) states in pertinent part, that

7   the Court, upon a showing of good cause may "issue an order to protect a party from

8   annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P.

9   26(c)(1). In the instant matter, Defendant Lowe's Home Centers, LLC's

10  Confidential Documents contain proprietary and confidential trade secret

11  information relating to Defendant Lowe's Home Centers, LLC's business practices

12  and its safety protocol. Defendant Lowe's Home Centers, LLC. ("Defendant" or

13  "Lowe's") derives independent economic value from maintaining the confidentiality

14  of the policies and procedures set forth in these Confidential Documents.

15      Defendant is a retailer in the home improvement industry and has conducted

16  business in California since 1998. The home improvement retail industry is very

17  competitive. As a result of years of investing time and money in research and

18  investigation, Defendant developed the policies contained in the Confidential

19  Documents for the purposes of maintaining the security and accessibility of its

20  merchandise, providing quality customer service, and ensuring the safety of its

21  employees and customers. These policies and procedures, as memorialized in the

22  Confidential Documents, were created and generated by Lowe's for Lowe's, and are

23  used for the purposes of maintaining safety at its stores and creating efficient and

24  organized work environments for its employees. As a result, Defendant is able to

25  minimize the waste of any resources, which is a key factor in generating profitability

26  for its business.

27      Defendant derives economic value from maintaining the secrecy of its

28  Confidential Documents. If disclosed to the public, the trade secret information

1   contained in Defendant's Confidential Documents would reveal Defendant's

2   internal operations and could potentially be used by competitors as a means to

3   compete for its customers, interfere with its business plans and thereby gain unfair

4   business advantages.  If Defendant's safety protocol were revealed to the general

5   public, it would hinder Defendant's ability to effectively resolve and minimize

6   liability claims, and its goal of protecting its customers and employees from theft

7   and other crimes. Unrestricted or unprotected disclosure of such information would

8   result in prejudice or harm to Defendant by revealing Lowe's competitive

9   confidential information, which has been developed at the expense of Lowe's and

10  which represents valuable tangible and intangible assets.  Accordingly, the parties

11  respectfully submit that there is good cause for the entry of this Protective Order.

12  2.    DEFINITIONS

13        2.1    Action:   The instant action:   Daniel Pfau v. Lowe's Companies Inc. et

14  al, Case No: 8:20-cv-01275-JLS (ADSx).

15        2.2    Challenging Party:  a Party or Non-Party that challenges the

16  designation of information or items under this Order.

17        2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

18  how it is generated, stored or maintained) or tangible things that qualify for

19  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

20  the Good Cause Statement.

21        2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as

22  their support staff).

23        2.5    Designating Party:  a Party or Non-Party that designates information or

24  items that it produces in disclosures or in responses to discovery as

25  "CONFIDENTIAL."

26        2.6    Disclosure or Discovery Material:  all items or information, regardless

27  of the medium or manner in which it is generated, stored, or maintained (including,

28  among other things, testimony, transcripts, and tangible things), that are produced or

generated in disclosures or responses to discovery in this matter.

2.7  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8  House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9  Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10  Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11  Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Order cover not only Protected Material (as

defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall

1   continue to afford the material in question the level of protection to which it is
2   entitled under the Producing Party's designation until the Court rules on the
3   challenge.

4   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

5       7.1      Basic Principles. A Receiving Party may use Protected Material that is
6   disclosed or produced by another Party or by a Non-Party in connection with this
7   Action only for prosecuting, defending, or attempting to settle this Action.  Such
8   Protected Material may be disclosed only to the categories of persons and under the
9   conditions described in this Order. When the Action has been terminated, a
10  Receiving Party must comply with the provisions of Section 13 below.

11      Protected Material must be stored and maintained by a Receiving Party at a
12  location and in a secure manner that ensures that access is limited to the persons
13  authorized under this Order.

14      7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless
15  otherwise ordered by the court or permitted in writing by the Designating Party, a
16  Receiving Party may disclose any information or item designated
17  "CONFIDENTIAL" only to:

18      (a)  the Receiving Party's Outside Counsel of Record in this Action, as
19  well as employees of said Outside Counsel of Record to whom it is reasonably
20  necessary to disclose the information for this Action;

21      (b)  the officers, directors, and employees (including House Counsel) of
22  the Receiving Party to whom disclosure is reasonably necessary for this Action;

23      (c)  Experts (as defined in this Order) of the Receiving Party to whom
24  disclosure is reasonably necessary for this Action and who have signed the
25  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26      (d)  the court and its personnel;

27      (e)  court reporters and their staff;

28      (f)  professional jury or trial consultants, mock jurors, and Professional

- 8 -

Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be

1   pursued by the Designating Party whose Protected Material may be affected.

2       If the Designating Party timely seeks a protective order, the Party served with

3   the subpoena or court order shall not produce any information designated in this

4   action as "CONFIDENTIAL" before a determination by the court from which the

5   subpoena or order issued, unless the Party has obtained the Designating Party's

6   permission, or unless otherwise required by the law or court order.  The Designating

7   Party shall bear the burden and expense of seeking protection in that court of its

8   confidential material and nothing in these provisions should be construed as

9   authorizing or encouraging a Receiving Party in this Action to disobey a lawful

10  directive from another court.

11  9.   A  NON-PARTY'S  PROTECTED  MATERIAL  SOUGHT  TO  BE

12  PRODUCED IN THIS LITIGATION

13      (a)  The terms of this Order are applicable to information produced by a

14  Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

15  produced by Non-Parties in connection with this litigation is protected by the

16  remedies and relief provided by this Order.  Nothing in these provisions should be

17  construed as prohibiting a Non-Party from seeking additional protections.

18      (b)  In the event that a Party is required, by a valid discovery request, to

19  produce a Non-Party's confidential information in its possession, and the Party is

20  subject to an agreement with the Non-Party not to produce the Non-Party's

21  confidential information, then the Party shall:

22      (1)  promptly notify in writing the Requesting Party and the Non-Party

23  that some or all of the information requested is subject to a confidentiality

24  agreement with a Non-Party;

25      (2)  promptly provide the Non-Party with a copy of the Protective

26  Order in this Action, the relevant discovery request(s), and a reasonably specific

27  description of the information requested; and

28      (3)  make the information requested available for inspection by the

1   Non-Party, if requested.

2       (c)  If a Non-Party represented by counsel fails to commence the process

3   called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the

4   notice and accompanying information or fails contemporaneously to notify the

5   Receiving Party that it has done so, the Receiving Party may produce the Non-

6   Party's confidential information responsive to the discovery request.  If an

7   unrepresented Non-Party fails to seek a protective order from this court within 14

8   days of receiving the notice and accompanying information, the Receiving Party

9   may produce the Non-Party's confidential information responsive to the discovery

10  request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

11  not produce any information in its possession or control that is subject to the

12  confidentiality agreement with the Non-Party before a determination by the court

13  unless otherwise required by the law or court order.  Absent a court order to the

14  contrary, the Non-Party shall bear the burden and expense of seeking protection in

15  this court of its Protected Material.

16  10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18  Protected Material to any person or in any circumstance not authorized under this

19  Protective Order, the Receiving Party must immediately (a) notify in writing the

20  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

21  all unauthorized copies of the Protected Material, (c) inform the person or persons to

22  whom unauthorized disclosures were made of all the terms of this Order, and (d)

23  request such person or persons to execute the "Acknowledgment and Agreement to

24  Be Bound" that is attached hereto as Exhibit A.

25  11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

26  PROTECTED MATERIAL

27      When a Producing Party gives notice to Receiving Parties that certain

28  inadvertently produced material is subject to a claim of privilege or other protection,

the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil</u> <u>Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

12.    <u>MISCELLANEOUS</u>

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving

Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:    August 24, 2020             ___/s/ Autumn D. Spaeth_____
                                      HON. AUTUMN D. SPAETH
                                      United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of Daniel Pfau v. Lowe's Companies Inc. et al, Case No: 8:20-cv-01275-JLS (ADSx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

I:\31000-000\31407\Discovery\Federal\[Proposed] Protective Order.docx